DENNIS M. GRADY, Bar No. 118461
GRADY AND ASSOCIATES
3517 Camino Del Rio South, Suite 400
San Diego, California  92108
Telephone:  (619) 528-2530
Email: gradyfedonly@msn.com

Attorneys for Plaintiff, GLORIA MORRISON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA MORRISON,<br><br>    Plaintiff,<br><br>vs.<br><br>VIEJAS ENTERPRISES, an entity;<br>VIEJAS BAND OF KUMEYAAY<br>INDIANS, an entity; VIEJAS<br>CASINO, an entity; and DOES 1-<br>20, inclusive,<br><br>    Defendants. | Case No.<br><br>COMPLAINT FOR **'11CV0097 WQHBGS**<br><br>(1) VIOLATION OF THE FEDERAL<br>  FAMILY MEDICAL LEAVE<br>  ACT; AND<br>(2) A CALIFORNIA TORT CAUSE<br>  OF ACTION FOR WRONGFUL<br>  ADVERSE ACTION AND<br>  TERMINATION IN VIOLATION<br>  PUBLIC POLICIES<br><br>JURY TRIAL DEMANDED |

Plaintiff complains and alleges as follows:

### JURISDICTION

  1.   This Court has jurisdiction under 29 C.F.R. section 825.400(a)(2), and because the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, venue is proper here pursuant to 28 U.S.C. Section 1391 (b)(2).

1

**VENUE**

2.   Venue is proper in the Southern District of California under 42 U.S.C. section 2000e - 5(f) as this is the judicial district in which the unlawful employment practices occurred and in which relevant employment records are maintained and administered.

**PARTIES**

3.   Plaintiff GLORIA MORRISON ("PLAINTIFF" or "MORRISON") is, and at all relevant times was, a resident of the State of California, County of San Diego.

4.   PLAINTIFF is informed, believes and thereby alleges that DEFENDANT VIEJAS ENTERPRISES ("ENTERPRISES") is, and at all relevant times was, an entity of type unknown organized and existing under and by virtue of the laws of a state unknown, with a principal place of business in the State of California, County of San Diego.

5.   PLAINTIFF is informed, believes and thereby alleges that DEFENDANT VIEJAS BAND OF KUMEYAAY INDIANS ("TRIBE") is, and at all relevant times was, an entity of type unknown organized and existing under and by virtue of the laws of a state unknown, with a principal place of business in the State of California, County of San Diego.

6.   PLAINTIFF is informed, believes and thereby alleges that DEFENDANT VIEJAS CASINO ("CASINO") is, and at all relevant times was, an entity of type unknown organized and existing under and by virtue of the laws of a state unknown, with a principal place of business in the State of California, County of San Diego.

COMPLAINT

7.   The entity defendants identified above are collectively referred to herein as "VIEJAS."

8.   The true names and capacities of the defendants named herein as DOES 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure Section 474.   PLAINTIFF is informed, believes and thereon alleges that the DOE defendants are California residents.   PLAINTIFF will amend this Complaint to show such true names and capacities when they have been determined.

9.   PLAINTIFF is informed, believes and on that basis alleges that each of the defendants herein was at all relevant times the agent, employee or representative of the remaining defendants and was acting at least in part within the scope of such relationship.

**DEMAND FOR JURY TRIAL**

10.   PLAINTIFF hereby demands a jury trial pursuant to rule 38(b) of the Federal Rules of Civil Procedure.

**FACTS COMMON TO ALL CLAIMS**

11.   PLAINTIFF, who is over the age of 40 years, joined VIEJAS as a Senior Executive Assistant in or around February 2007, bringing with her several years of experience as an executive assistant.   Not surprisingly, PLAINTIFF proved herself to be an excellent and loyal employee.

12.   After initially being hired to work in the Marketing Department, PLAINTIFF was transferred to the Slot Operations Department, where she was responsible for, among other things,

1   processing the department's Slot Technician payroll, creating
2   standards for tracking vendor contracts, performing these vendor
3   contract tracking procedures, tracking team member gaming license
4   renewals, training and certifications.

5       13.   Additionally, in her position, PLAINTIFF supervised
6   Administrative Specialist, Angela Thornton, who is younger than
7   40 years, and instructed and supervised Slot Rep Angela Safar
8   when Ms. Safar, who was also under the age of 40 years, was
9   assigned the temporary task of assisting in the conversion of the
10  slot machine files.

11      14.   PLAINTIFF's duties as a Senior Executive Assistant were
12  mostly sedentary, and did not require her to stand for long
13  periods of time, to walk long distances, to kneel or to
14  crawl.

15      15.   Due to her knee disability, in or around May 2009,
16  PLAINTIFF had a total knee replacement.   The surgery required
17  several weeks of medical leave.   Thus, PLAINTIFF submitted the
18  required paperwork to VIEJAS to take this protected medical
19  leave.

20      16.   In or around June 2009, PLAINTIFF was released by her
21  physician to return to work.   Her physician required that her
22  return be gradual, thus she was released to work 20 hours from
23  June 29, 2009 to July 10, 2009, 30 hours from July 13, 2009 to
24  July 24, 2009, and then beginning July 27, 2009, she could return
25  to full time work.   This release was made based on PLAINTIFF's
26  duties as a Senior Executive Assistant.

27      17.   However, when PLAINTIFF attempted to return to work,
28  she was told by her Department Director, Lee Gelwicks, and the

1  Human Resources Director, Rhamona Grabenstein, that her job
2  duties had been changed, that her old duties had been given to
3  other employees, including Ms. Thornton and Ms. Safar, and that
4  PLAINTIFF now had to perform "Slot Operations Machine Maintenance
5  Files" duties, on which she would be trained by Ms. Safar, as Ms.
6  Safar had been performing these tasks since they had been created
7  during the time PLAINTIFF was out on medical leave.  Though
8  stunned by the sudden change, PLAINTIFF needed the job and
9  proceeded to attempt to perform the new duties to the best of her
10 physical abilities and knowledge.

11     18.  When PLAINTIFF was finally allowed to return to work,
12 albeit with new, more physically demanding duties, Mr. Gelwicks
13 was often noticeably short with and antagonistic toward
14 PLAINTIFF.

15     19.  Despite all this, PLAINTIFF did attempt to perform the
16 new duties, going through alleged training with Ms. Safar.
17 During the alleged training, PLAINTIFF discovered that these new
18 job duties required her to stand for long periods of time, to
19 walk long distances, to kneel, to squat, to crawl on the floor
20 and to lift heavy chairs, as she was required to physically
21 inspect the slot machines and to confirm ID numbers, some of
22 which are on the underside of the machines' push button
23 panels.  PLAINTIFF's knee disability prevented her from
24 performing these physical tasks, and finding out about her new
25 duties, PLAINTIFF's physician put her back out on protected
26 medical leave.
27 ///
28 ///

5

20.   When PLAINTIFF was released to return to work a second time on or about July 28, 2009, her physician restricted her from kneeling, squatting, prolonged walking, prolonged standing and lifting or moving objects greater than 10 pounds.  Like before, however, when PLAINTIFF reported for work, PLAINTIFF was instructed to meet with the Ms. Grabenstein, which she did.

21.   During this meeting, PLAINTIFF suggested as an accommodation of her disabilities the possibility of job sharing and other options that would allow her to return to work. Ms. Grabenstein told her that she would explore these possibilities with the Slot Operations Department.

22.   A few days later, on or about August 3, 2009, Christie Walker, a Senior Claims Management Analyst, called PLAINTIFF and told her that VIEJAS would not accommodate her, and that she would have 30 days to look for another position within VIEJAS, at which point her employment would be terminated if she was unsuccessful.  PLAINTIFF received a follow-up letter from Ms. Walker regarding this conversation, which stated that PLAINTIFF would be deemed to have "voluntarily resigned" if she did not locate a job within 30 days.

23.   Obviously concerned, PLAINTIFF contacted Midge Svien, a Tribal Liaison Representative, regarding these events. Subsequently, on or about August 18, 2009, PLAINTIFF was contacted by Ms. Grabenstein and told that she "wished" PLAINTIFF had contacted Human Resources directly rather than involve a Tribal Member.

///

///

COMPLAINT

24.  With no assistance whatsoever from Human Resources, PLAINTIFF was unable to locate another position with VIEJAS within the 30 day time frame, and was terminated by DEFENDANTS.

## FIRST CLAIM

**(Violation of the Federal Family Medical Leave Act, Against Defendants VIEJAS and DOES 1-5, and 6-15, Inclusive)**

25.  PLAINTIFF hereby realleges and incorporates by reference each and every preceding paragraph of this Complaint.

26.  PLAINTIFF was at all material times an employee covered by the Family Medical Leave Act ("FMLA") requiring employers to grant leave time to employees for the reason of the employee's or the employee's family members' serious health condition and return employees to their same or substantially similar job.

27.  Defendants are, and at all material times were, employers within the meaning of the FMLA.  Under the FMLA, it is, and was, unlawful for Defendants to discriminate or to retaliate against Plaintiff for taking leave for the reason of Plaintiff's serious health condition, to interfere with the use of that leave, or to fail to return her to her same or a substantially similar job.

28.  Defendants violated the FMLA by willfully discriminating against PLAINTIFF and retaliating against PLAINTIFF for taking leave under the FMLA in the manner described above, by interfering with her use of such leave and by failing to return her to her same or a substantially similar job.

///

///

COMPLAINT

29.   As a proximate result of Defendants' violation of PLAINTIFF's rights as alleged herein, PLAINTIFF has suffered and continues to suffer substantial losses including, but not limited to, lost earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

30.   Defendants' discriminatory acts against PLAINTIFF, which violated the FMLA, were wilful, and an award of liquidated damages in an amount equal to the award of monetary damages due to PLAINTIFF from Defendants is appropriate in this case pursuant to 29 U.S.C. section 2617.

31.   As a result of Defendants' violation of the FMLA as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as provided by the FMLA.

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.


### SECOND CLAIM

**(A California Tort Cause of Action for Wrongful Adverse Action and Termination in Violation of Public Policies, Against Defendants VIEJAS, and DOES 1-5 and 10-20, Inclusive)**

32.   PLAINTIFF hereby realleges and incorporates by reference each and every preceding paragraph of this Complaint.

33.   Under California law it is unlawful to treat or to terminate an employee on grounds that violate a stated public policy.

34.   There is a well-recognized public policy under the California Fair Employment and Housing Act that prevents

1 employers from adversely treating or terminating an employee for
2 having a disability.   California Government Code § 12900 et seq.
3     35.   There is a well-recognized public policy under the
4 California Fair Employment and Housing Act that prevents
5 employers from adversely treating or terminating an employee on
6 the basis of an employee's age.   California Government Code §
7 12900 et seq.
8     36. There is a well-recognized public policy under the
9 California Family Rights Act that prevents employers from
10 adversely treating or terminating employees for taking leave or
11 planning to take leave to treat a substantial illness.
12 California Government Code § 12945.2 et seq.
13     37.   There is a well-recognized public policy under the
14 Federal Family Medical Leave Act that prevents employers from
15 adversely treating or terminating an employee for taking leave or
16 planning to take leave to treat a substantial illness.   29 U.S.C.
17 § 2601 et seq.
18     38.   DEFENDANTS, individually and through their officers,
19 partners, agents, and/or employees acting within the scope of
20 their employment, adversely treated and discharged PLAINTIFF
21 because of her use of medical leave and because of her
22 disabilities.   The termination of PLAINTIFF was committed by
23 Defendants in direct violation of the fundamental public policies
24 embodied in California's Fair Employment and Housing Act,
25 Americans with Disabilities Act, California's Family Rights Act
26 and the Federal Family Medical Leave Act.
27 ///
28 ///

COMPLAINT

39.   As a proximate result of DEFENDANTS' wrongful acts against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits.   PLAINTIFF has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

40.   DEFENDANTS committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights.   PLAINTIFF is thus entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**PRAYER**

WHEREFORE, Plaintiff requests relief as follows:

1.   For damages according to proof including loss of earnings, deferred compensation and other employment benefits;

2.   For compensatory damages for losses resulting from embarrassment, harm to reputation, humiliation, mental anguish and other emotional distress according to proof;

3.   For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

4.   That Defendants, their agents, successors, employees and those acting in concert, be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein;

COMPLAINT

1      5.   For reinstatement of PLAINTIFF in the position from

2 which she was wrongfully terminated or a comparable position in

3 Defendants' organization and all benefits attendant thereto that

4 would have been afforded to Plaintiff but for said discrimination

5 and violations;

6      6.   For liquidated damages to the extent allowed by law;

7      7.   For punitive damages according to proof;

8      8.   For costs of suit including reasonable attorneys fees;

9      9.   For such other and further relief as the Court may deem

10 proper.

11                                                  GRADY AND ASSOCIATES

13 DATED: December 30, 2010         By:   _____

14                                       DENNIS M. GRADY, Esq.

                                           Attorneys for Plaintiff

15                                           GLORIA MORRISON

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GLORIA MORRISON

**DEFENDANTS**

VIEJAS ENTERPRISES, an entity; VIEJAS BAND OF KUMEYAAY INDIANS, an entity; VIEJAS CASINO, an entity; and DOES 1-20, inclusive

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DENNIS M. GRADY
GRADY AND ASSOCIATES, 3517 Camino del Rio South, Ste, 400
San Diego, CA 92108      (619) 258-2530

Attorneys (If Known)

**'11CV0097 WQHBGS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V. ORIGIN (Place an "X" in One Box Only)

Appeal to District Judge from Magistrate Judgment

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 U.S.C. section 2601, et seq.      *28:1331 yes*

Brief description of cause:
Violation of Federal Family Medical Leave Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____ DOCKET NUMBER _____

DATE   01-03-11

SIGNATURE OF ATTORNEY OF RECORD   *Dennis M. Grady*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____