1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                      **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   GLORIA MORRISON,                      CASE NO. 11cv97 WQH (BGS)

12                          Plaintiff,     ORDER
                vs.
13   VIEJAS ENTERPRISES, an entity;
     VIEJAS BAND OF KUMEYAAY
14   INDIANS, and entity; VIEJAS CASINO,
     and entity; and DOES 1-20, inclusive,
15
16                          Defendants.

17   HAYES, Judge:

18       The matters before the Court is the Motion to Dismiss For Lack of Subject Matter

19   Jurisdiction (ECF No. 6) filed by Defendants Viejas Enterprises and Viejas Band of Kumeyaay

20   Indians.

21   **I.      Background**

22       On January 18, 2011, Plaintiff Gloria Morrison initiated this action by filing the

23   Complaint. (ECF No. 1).  On March 14, 2011, Defendants filed a Motion to Dismiss For Lack

24   of Subject Matter Jurisdiction.  (ECF No. 6).  On April 4, 2011, Plaintiff filed an Opposition.

25   (ECF No. 8).  On April 11, 2011, Defendants filed a Reply.  (ECF No. 9).

26   **II.     Allegations of the Complaint**

27       Plaintiff was initially hired by Defendants to work in as a senior executive assistant and

28   Plaintiff was promoted to the slot operations department. (ECF No. 1 at ¶¶ 12, 13). Plaintiff's

work in the slot operations department was "mostly sedentary." *Id.* ¶ 14. "Due to her knee disability" Plaintiff underwent surgery in May 2009. *Id.* ¶ 15. When Plaintiff returned to work she was informed that her job duties had changed to slot operations machine maintenance files. *Id.* ¶ 17. The new position was "more physically demanding" than her previous position. *Id.* at ¶ 18. Plaintiff was unable to perform the physical demands of the new position and her "physician put her back out on protected medical leave." *Id.* at ¶ 19. Plaintiff returned to work and requested an accommodation for her disability. Defendants refused to accommodate her and told her that she would have thirty-days to find anther position within Viejas or she would be deemed to have voluntarily resigned. *Id.* at ¶ 22. Plaintiff received no assistance in locating another position and was terminated. *Id.* at ¶ 24.

Plaintiff has asserted a claim for violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq., and a California tort claim for wrongful adverse action and termination in violation of the public policies of the California Fair Employment and Housing Act, the Americans with Disabilities Act, the California Family Rights Act, and the Federal Family Medical Leave Act. Plaintiff seeks monetary damages, an injunction that Defendants refrain from "unlawful practices, policies, usages and customs," and reinstatement to the "position from which [Plaintiff] was wrongfully terminated or a comparable position ...." *Id*. at 11.

## III.   Motion to Dismiss

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In determining the presence or absence of federal jurisdiction, the court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *State of California v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). When assessing subject matter jurisdiction, the court assumes the truth of all allegations in the

1   complaint.  *See Castaneda v. United States*, 546 F.3d 682, 684 n.1 (9th Cir. 2008) (overruled

2   on other grounds by *Hui v. Castaneda*, __ U.S. __, 130 S.Ct. 1845 (2010)).  "If jurisdiction is

3   lacking at the outset, the district court has 'no power to do anything with the case except

4   dismiss.'"  *Morongo Band of Mission Indians v. California State Board of Equalization,* 858

5   F.2d 1376, 1380 (9th Cir. 1988) (quoting 15 C. Wright, A. Miller & E. Cooper, *Federal*

6   *Practice and Procedure* § 3844, at 332 (1986)).

7        A Rule 12(b)(1) motion asserting lack of subject matter jurisdiction may be either a

8   facial attack on the sufficiency of the pleadings or a factual attack on the basis for a court's

9   jurisdiction.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "In resolving a factual

10   attack on jurisdiction, the district court may review evidence beyond the complaint without

11   converting the motion to dismiss into a motion for summary judgment."  *Safe Air v. Meyer*,

12   373 F.3d 1035, 1039 (9th Cir. 2004).  "The court need not presume the truthfulness of the

13   plaintiff's allegations."  *Id.* (citing *White*, 227 F.3d at 1242).  However, "[j]urisdictional

14   finding of genuinely disputed facts is inappropriate when the jurisdictional issue and

15   substantive issues are so intertwined that the question of jurisdiction is dependent on the

16   resolution of factual issues going to the merits of an action."  *Sun Valley Gasoline, Inc. v. Ernst*

17   *Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983).

18        Defendants' Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure

19   12(b)(1) for lack of subject matter jurisdiction. (ECF No. 6).  Defendant has submitted the

20   Declaration of Tribal Chairman of the Tribal Counsel for the Viejas Band of Kumeyaay

21   Indians, Anthony R. Pico, who states that "the Viejas Band of Kumeyaay Indians [is] a

22   federally recognized Indian tribe ...."  (ECF No. 6-2 at 1).   Defendant Viejas Band of

23   Kumeyaay Indians contends it are entitled to tribal sovereign immunity from Plaintiff's claims.

24   Defendants contend that Viejas Enterprises and Viejas Casino operate as an arm of the tribe;

25   therefore, they are entitled to tribal sovereign immunity as well.

26        Plaintiff contends that there is a question of fact regarding whether Defendants are

27   entitled to tribal immunity.  Plaintiff contends that Defendants are not immune to suit under

28   the Family Medical Leave Act on the grounds that it is a law of general applicability which

1    does not specifically exclude the application to tribes.  Plaintiff contends that the Court has

2    supplemental jurisdiction over Plaintiff's state law claim of wrongful termination in violation

3    of public policies.

4        **A.     Tribal Sovereign Immunity**

5        The Federal Registrar contains a list of recognized Indian tribes including: "Viejas

6    (Baron Long) Group of Capitan Grande Band of Mission Indians of the Viejas Reservation,

7    California." 75 Fed. Reg. 60,810-01 (Oct. 1, 2010). "The Capitan Grande Band of Diegueno

8    Mission Indians, an Indian tribe, resided on its reservation until approximately 1932." *Hein*

9    *v. Capitan Grande Band of Diegueno Mission Indians,* 201 F.3d 1256, 1258 (9th Cir. 2000).

10   A portion of the reservation land was sold to the city of San Diego and "[m]oney from the sale

11   was given to tribe members pursuant to an agreement under which their rights as tribe

12   members were to remain unaffected by the arrangement." *Id*. Some tribe members used the

13   money to purchase the Barona reservation. *Id*. Others tribe members used the money to

14   purchase the Viejas reservation. *Id*. A third group of tribe members used the money to

15   purchase individual tracts of land. *Id*. The Ninth Circuit explained that the Viejas Band of

16   Mission Indians is a as successor in interest to the "Viejas (Baron Long) Group of Capitan

17   Grande Band of Mission Indians of the Viejas Reservation, California." *Id*. at 1258-59

18   (finding that the "Viejas group[ is] the 'successors in interest' to the Capitan Grande Band.");

19   *see also Cabazon Band of Mission Indians v. Wilson,* 124 F.3d 1050, 1052 (9th Cir. 1997)

20   (noting that "the Viejas Band of Mission Indians" operates "wagering facilities on their tribal

21   lands"); *Sycuan Band of Mission Indians v. Roache*, 54 F.3d 535, 535 (9th Cir. 1994) (finding

22   that the "Viejas Band of Mission Indians a/k/a Viejas Group of the Captain Grande Band of

23   Mission Indians" is a federally recognized Indian tribe). This Court finds that the Viejas Band

24   of Kumeyaay Indians is a federally recognized Indian tribe.

25       "As a matter of federal law, an Indian tribe is subject to suit only where Congress has

26   authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs.,*

27   *Inc*., 523 U.S. 751, 754 (1998). In *Federal Power Comm'n v. Tuscarora Indian Nation*, 362

28   U.S. 99 (1960), the Supreme Court stated in dicta that "a general statute in terms applying to

all persons includes Indians and their property interests." *Tuscarora*, 362 U.S. at 116. However, *Tuscarora* has since been eroded by the Supreme Court's decision in *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130 (1982) in which the Court found that tribes enjoy "inherent power necessary to tribal self-government and territorial management." *Merrion*, 455 U.S. at 141; *see also Donovan v. Navajo Forest Products Industries,* 692 F.2d 709, 711-12 (10th Cir. 1982) (noting that *Tuscarora* did not involve an Indian treaty and finding that "[t]he *Tuscarora* rule does not apply to Indians if the application of the general statute would be in derogation of the Indians' treaty rights.").

In *Oklahoma Tax Comm. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 505-06 (1991) the Supreme Court reaffirmed its "longstanding doctrine of tribal sovereign immunity ... in order to promote Indian self-government, self-sufficiency, and economic development ...." *Oklahoma Tax Comm*, 498 U.S. at 505-06. Therefore, "[t]he bare proposition that broad general statues have application to Native American tribes does not squarely resolve whether there was an abrogation of tribal immunity ..." *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001); *see also United States v. Winnebago Tribe of Nebraska*, 542 F.2d 1002, 1005 (11 Cir. 1976) (explaining that a party's reliance on *Tuscarora* to show "that the general statutes of the United States apply to Indians and non-Indians alike, is misplaced.").

Where a statute is silent with respect to Indian tribes, the statute does not apply to Indian tribes if: "(1) the law touches 'exclusive rights of self-governance in purely intramural matters'; (2) the application of the law to the tribe would 'abrogate rights guaranteed by Indian treaties'; or (3) there is proof 'by legislative history or some other means that Congress intended [the law] not to apply to Indians on their reservations....'" *E.E.O.C. v. Karuk Tribe Housing Authority*, 260 F.3d 1071, 1078-79 (9th Cir. 2001) (quoting *Donovan v. Coeur d'Alene Tribal Farm,* 751 F.2d 1113, 1116 (9th Cir. 1985)). "In any of these three situations, Congress must expressly apply a statute to Indians before we will hold that it reaches them." *Id*.

The Family Medical Leave Act is a law of general application that is silent with respect

to Indian tribes. *See* 29 U.S.C. § 2601 et seq.; *see also Chayoon v. Chao*, 355 F.3d 141, 143 (2nd Cir. 2004) ("The FMLA makes no reference to the amenity of Indian tribes to suit.") (citing *Garcia v. Akwesasne Housing Authority,* 268 F.3d 76, 86 (2nd Cir. 2001)).   In *Chayoon*, the Second Circuit found that federally recognized Indian tribes are immune from suit under the FMLA.  *See Chayoon v. Chao*, 355 F.3d at 143 ("[Plaintiff's] remedy, if there is to be one, lies with Congress."); *see also Pearson v. Chugach Government Services Inc.*, 669 F.Supp.2d 467, 477 (D. Del. 2009) ("The only courts to examine whether tribal organizations are subject to the FMLA's employer obligations held, based on the doctrine of tribal immunity, the there is not private cause of action under the FMLA against tribal organizations.").

This Court agrees with the holding of *Chayoon* that federally recognized Indian tribes are immune from suit under the Family Medical Leave Act.  Accordingly, Defendant Viejas Band of Kumeyaay Indians is entitled to tribal sovereign immunity from Plaintiff's claim for violation of the Family Medical Leave Act.  In this case, Plaintiff has not requested any injunctive or declaratory relief against an agency officer in his official capacity; therefore, there is no applicable exception to sovereign immunity. *See Ex parte Young*, 209 U.S. 123 (1908).  The Court concludes that Plaintiff has failed to show that subject mater jurisdiction exists over Plaintiff's Family Medical Leave Act claim against Defendant Viejas Band of Kumeyaay Indians.

## B. Viejas Enterprises and Viejas Casino

"[T]he settled law of our circuit is that tribal corporations acting as an arm of the tribe enjoy the same sovereign immunity granted to a tribe itself." *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 725 (9th Cir. 2008); *see also Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc*., 523 U.S. 751, 754-55 (1998) (holding that where a tribe is entitled to tribal immunity, tribal immunity applies to the tribe's commercial activity as well); *but see EEOC v. Karuk Tribe Housing Authority*, 260 F.3d 1071, 1080 (9th Cir. 2001) (explaining that a tribe-run business may not be entitled to tribal immunity where "the enterprise at issue does not relate to the governmental functions of the Tribe, nor does it operate exclusively within the domain of the Tribe and its members.").  With regard to an Indian tribe's casino operating

1   pursuant to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2710(d)(1), the Ninth

2   Circuit has found that "the Casino is not a mere revenue-producing tribal business ... [it]

3   promote[s] tribal economic development, self-sufficiency, and strong tribal governments."

4   *Allen v. Gold Country Casino,* 464 F.3d 1044, 1046 (9th Cir. 2006) (quotations omitted).

5   Accordingly, the Indian tribe's casino is entitled to sovereign immunity. *Id*. at 1047; *see also*

6   *Cabazon Band of Mission Indians*, 124 F.3d at 1052 (noting that "the Viejas Band of Mission

7   Indians" conducts gaming operations on tribal lands pursuant to 25 U.S.C. § 2710(d)(1)).

8        Defendant has submitted the Declaration of Tribal Chairman of the Tribal Counsel for

9   the Viejas Band of Kumeyaay Indians, Anthony R. Pico, who states that "Viejas Casino is a

10   trade name under which the Viejas Band operates its casino[]" and there is "[n]o entity or

11   person other than the Viejas Band has any ownership interest in Viejas Casino." (ECF No. 6-2

12   at 2).  The declaration states that "Viejas Enterprises is a business name through which the

13   Viejas Band conducts its business ... "[n]o entity or person other than the Viejas Band has any

14   ownership interest in Viejas Enterprises." *Id*.

15        Plaintiff contends that "there is no actual proof of the management and ownership

16   interests of the casino ... [t]his information is not readily available to the public since there is

17   no business formation information ...."  (ECF No. 8 at 7).

18        This Court finds that  Defendants Viejas Enterprises and Viejas Casino operate as an

19   arm of the tribe.  This Court finds that the tribal sovereign immunity enjoyed by Defendant

20   Viejas Band of Kumeyaay Indians from Plaintiff's claim for violation of the Family Medical

21   Leave Act extends to Defendants Viejas Enterprises and Viejas Casino.  The Court concludes

22   that Plaintiff has failed to show that subject mater jurisdiction exists over Plaintiff's claim

23   against Defendants Viejas Enterprises and Viejas Casino.

24        **C.       State Law Claim**

25        With regard to Plaintiff's state law claim, the federal supplemental jurisdiction statute

26   provides: "[I]n any civil action of which the district courts have original jurisdiction, the

27   district courts shall have supplemental jurisdiction over all other claims that are so related to

28   claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). Because the Court has dismissed the federal law claim against Defendants, the Court declines to exercise supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367(c). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").

**IV.    Conclusion**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 6) is GRANTED. Plaintiff may file a motion for leave to file an Amended Complaint within thirty days from the date of this order.

DATED:  July 26, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge